FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 18 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION**

In re:                           )
                                 )
  **MICHAEL DALE STEWART**       )    Chapter 7
  **PAULA COLINE STEWART,**      )    Case No. 11-51031
                                 )
              Debtors.           )
_____  )

**ORDER ALLOWING DISCHARGE OF DECEASED DEBTOR**

**THIS MATTER** is before the court on its own Order to Show Cause. The Debtors filed a Chapter 7 Voluntary Petition on August 18, 2011. The female Debtor died on September 18, 2011, prior to her Meeting of Creditors on September 26, 2011. On November 30, 2011 the court issued its Order to Show Cause calling on any party in interest to appear on January 6, 2012 to show cause why the female Debtor should not be denied a discharge and/or why the female Debtor's case should not be dismissed.

At the January 6th hearing the Debtors' attorney, Allen W. Wood, III ("Wood"), appeared and argued in favor of allowing the female Debtor's case to continue and for the court to issue a discharge. The female Debtor's executrix and heir, Dana Stratton ("Stratton"), also appeared at the hearing. No parties in interest appeared to oppose the issuance of a discharge or to advocate for dismissal. Wood explained that Stratton attended

the Meeting of Creditors on behalf of the female Debtor to the satisfaction of the Chapter 7 Trustee appointed in this case. Wood told the court that the female Debtor completed a financial management course prior to her death. In addition, Wood said that there was non-exempt equity in the Debtors' bankruptcy estate and that the estate would be administered if the court allowed the case to continue.

While there is some difference of opinion on the subject, the undersigned bankruptcy judge believes a debtor who dies during the pendency of his Chapter 7 bankruptcy is not categorically barred from receiving a discharge. The text of Federal Rule of Bankruptcy Procedure 1016 instructs that "[d]eath or incompetency of the debtor shall not abate a liquidation case under Chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Under Rule 1016, death is not a valid reason to dismiss a Chapter 7 case or deny the deceased debtor's discharge.

Other bankruptcy courts have come to similar conclusions. For example, the Bankruptcy Court for the Southern District of Florida dismissed a debtor's case for his failure to attend the Meeting of Creditors without realizing the reason for his absence. *In re Abrahams*, 163 B.R. 606, 606 (Bankr. S.D. Fla. 1993). When informed of the relevant facts by the debtor's attorney, the Florida court cited Rule 1016, remarked that the deceased debtor's failure to attend the Meeting of Creditors was "most excusable," and vacated the dismissal. *Id.* The court in *Abrahams* also mentioned that, while death alone was not a reason for dismissal, a deceased debtor, like all debtors, is subject to dismissal for "cause" under 11 U.S.C. § 707(a). *Id.*

In this case, the female Debtor appears to be eligible for a discharge. No party has alleged cause to deny the discharge

pursuant to section 707(a). A deceased debtor's failure to attend the Meeting of Creditors is not a valid reason to dismiss, and, regardless, the female Debtor's heir and executrix attended the Meeting of Creditors in her place to the satisfaction of the Chapter 7 Trustee. The female Debtor even completed the required financial management course after filing her Petition, so the court is not forced to decide whether a deceased debtor's failure to complete the course would be a valid reason to deny a discharge. Accordingly, the court's Order to Show Cause is **SATISFIED** and the clerk is **INSTRUCTED** to issue a discharge to the female Debtor.

    **SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

3